NOT DESIGNATED FOR PUBLICATION

No. 121,735

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LOREN J. HOPKINS,
*Appellant*,

v.

GREAT PLAINS MANUFACTURING, INC.,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; PAUL J. HICKMAN, judge. Opinion filed May 21, 2021.
Affirmed.

*Donald S. Andersen, Roger A. Riedmiller*, and *Mark A. Scott*, of Riedmiller, Andersen & Scott,
LLC, of Wichita, for appellant.

*Jacob E. Peterson* and *Dustin J. Denning*, of Clark, Mize & Linville, Chartered, of Salina, for
appellee.

Before MALONE, P.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM:  In September 2014, Loren J. Hopkins was injured at work. Hopkins
filed a claim under the Kansas Workers Compensation Act (the Act) to recover for his
injuries. He also filed a civil action against his employer, Great Plains Manufacturing,
Inc. (Great Plains), alleging negligence. Great Plains moved for summary judgment in the
civil action, alleging that the exclusive remedy provision of the Act barred Hopkins'
negligence claim. The district court agreed and granted the summary judgment motion.

1

The district court also rejected Hopkins' argument that if the Act barred his civil action, it violated his rights under section 18 of the Kansas Constitution Bill of Rights.

Hopkins appeals, arguing that the exclusive remedy provision does not bar his civil action because his injury was not compensable under the Act. In the alternative, he argues that if the Act bars his civil action, it is unconstitutional. For the reasons stated in this opinion, we reject Hopkins' claims and affirm the district court's judgment.

*Factual and procedural background*

On September 5, 2014, Hopkins' coworker, Benjamin Deiser, struck Hopkins in the back with a forklift while both men were working for Great Plains. It is undisputed that the forklift accident was work-related. Hopkins had suffered a back injury about 10 years earlier, which was treated and eventually became asymptomatic. After the forklift accident, an ambulance took Hopkins to the hospital, where he received medication and was released after a couple of hours with instructions not to work until he could see a physician for follow-up care.

Four days later, Dr. Jon O'Neal, "a company doctor," examined Hopkins. O'Neal treated Hopkins, prescribed more medication, referred him to physical therapy, and instructed him about when to return to work. O'Neal also ordered MRI scans, which Hopkins underwent on November 3, 2014. Those scans showed evidence of degeneration in Hopkins' spinal region. Hopkins eventually filed a claim for benefits under the Act.

On February 26, 2015, at Hopkins' request, Dr. George Fluter performed an independent medical examination (IME). Hopkins was continuing to suffer pain in his back and was seeking medical treatment for the pain. As relevant to this appeal, Fluter opined in his subsequent written report that Hopkins suffered multiple injuries in the

2014 accident. Fluter concluded that the 2014 accident was the prevailing factor for those injuries and for Hopkins' need for continuing medical care and treatment.

On March 12, 2015, Dr. John Estivo performed a second IME of Hopkins. Unlike Fluter, Estivo concluded that the injuries resulting from the 2014 accident were not the cause of Hopkins' continuing need for medical treatment. Rather, Estivo found that Hopkins' 2014 injury aggravated his preexisting chronic back condition.

The administrative law judge (ALJ) presiding over the workers compensation case ordered a third IME performed by Dr. David Hufford on May 14, 2015. Hufford found that although Hopkins had been injured in the 2014 accident, the 2014 MRI showed findings like those from an MRI in 2006. Thus, Hufford found that Hopkins' continuing pain was "an aggravation of the preexisting degenerative disc disease" and the 2014 accident was not the prevailing factor causing Hopkins' need for continuing medical treatment, nor did it increase Hopkins' percentage of permanent impairment.

On May 25, 2016, Hopkins filed a civil action against Great Plains in district court, alleging that Deiser was negligent when he hit Hopkins with the forklift and, as Deiser's employer, Great Plains was vicariously liable for that negligence. Hopkins sought more than $75,000 in damages including medical expenses, loss of income and the ability to work, and noneconomic damages such as pain, suffering, mental anguish, disability, and loss of enjoyment of life. Great Plains filed an answer to Hopkins' civil action. Great Plains alleged that Hopkins had failed to state a claim upon which relief could be granted and his claim was barred by the exclusive remedy provision of the Act.

In August 2016, the district court stayed the civil action pending the outcome of the workers compensation case. The ALJ held a preliminary hearing at which Hopkins argued that the 2014 accident was the prevailing factor causing his condition and need for further treatment, while Great Plains argued that the Hopkins' preexisting back condition

3

was the prevailing factor. On September 16, 2016, the ALJ issued a preliminary order finding that Hopkins had failed to meet his burden to show that the 2014 accident was the prevailing factor causing his current need for treatment and denying Hopkins coverage for future treatment. On February 3, 2017, the ALJ held the final regular hearing, at which the parties reasserted their positions from the preliminary hearing.

On July 3, 2018, the ALJ issued an Award finding that Hopkins suffered a strain as a result of the 2014 accident, but he had recovered from that strain and had failed to show that the accident caused any permanent injury or impairment. The Award limited benefits to those already paid and denied any future benefits. Hopkins appealed the Award to the Kansas Workers Compensation Board (the Board).

Meanwhile, proceedings in the civil action had resumed and on October 19, 2018, the parties filed a statement of stipulated facts with the district court. On the same day, Great Plains filed a motion for summary judgment, renewing its argument that the Act's exclusive remedy provision barred Hopkins' civil action. Hopkins responded to the summary judgment motion and contended that his ongoing physical impairment, though caused by the 2014 work-related accident, was not compensable under the Act, so the Act's exclusive remedy provision did not apply to bar his civil action. He argued in the alternative that denying him the opportunity to seek redress through his civil action would deny him his constitutional right under section 18 of the Kansas Constitution Bill of Rights to seek an adequate remedy for his injury.

On December 19, 2018, while the summary judgment motion was pending in district court, the Board issued its Order. The Board noted that Hufford and Estivo both found that the 2014 accident had not caused Hopkins' ongoing impairment, while Fluter found that the 2014 accident was the prevailing factor behind Hopkins' need for ongoing medical treatment. The Board found that Hopkins "failed to meet the burden of proving his September 5, 2014, work-related injury by accident is the prevailing factor causing

4

his permanent impairment and need for continuing and future medical treatment." The Board also found that "[t]he weight of the medical evidence supports the ALJ's finding that the prevailing factor causing claimant's current impairment and need for treatment is the preexisting condition." Thus, the Board upheld the ALJ's award of limited benefits for Hopkins. Hopkins did not seek judicial review of the Board's Order.

On April 2, 2019, the district court held a hearing on Great Plains' summary judgment motion, at which the parties presented oral argument. On June 7, 2019, the district court filed a journal entry including findings of fact and conclusions of law. The district court focused on the Board's finding that Hopkins had failed to meet his burden of proof, ultimately finding that compensation for Hopkins' injuries suffered from the 2014 accident—including his ongoing impairment—"was recoverable" under the Act. Thus, the district court found that the Act's exclusive remedy provision barred Hopkins' civil action. Turning to Hopkins' section 18 argument, the district court found that the Act provided an adequate substitute remedy for Hopkins' work-related injuries and his failure to recover his entire claim under the Act does not equate to a constitutionally inadequate remedy. Thus, the district court granted Great Plains' motion for summary judgment. Hopkins timely appealed the district court's judgment.

*Did the district court err by granting summary judgment based on the exclusive remedy provision of the Act?*

Hopkins argues that the district court erred by granting summary judgment based on the exclusive remedy provision of the Act. He begins by engaging in an extensive history of the Act and describes how it was intended to provide a substitute remedy for work-related injuries. As for his own injuries, Hopkins separates his ongoing impairment and need for treatment as an injury distinct from the sprain he suffered in 2014. He then argues that the Act as a matter of law bars compensation for his ongoing impairment, so the exclusive remedy provision does not bar his civil action.

5

Great Plains argues that the exclusive remedy provision hinges on whether compensation is recoverable under the Act, not on whether a claimant was awarded all the compensation he or she sought to recover. Great Plains asserts that Hopkins could have recovered compensation for his ongoing impairment had he met his burden of proof in the workers compensation proceedings and shown that the 2014 accident was the prevailing factor causing his need for ongoing treatment and compensation. Because compensation under the Act was recoverable for Hopkins' injuries, Great Plains asserts the district court correctly held that the exclusive remedy provision barred the civil suit.

"Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and supporting affidavits show that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. . . . Appellate review of the legal effect of undisputed facts is de novo. [Citation omitted]." *GFTLenexa, LLC v. City of Lenexa*, 310 Kan. 976, 981-82, 453 P.3d 304 (2019).

To the extent that this issue involves statutory interpretation, this court exercises unlimited review. *Breedlove v. State*, 310 Kan. 56, 68, 445 P.3d 1101 (2019) ("[I]nterpretation of statutes is a question of law subject to unlimited review."); *Estate of Graber v. Dillon Companies*, 309 Kan. 509, 513, 439 P.3d 291 (2019) ("The interpretation or construction of the Workers Compensation Act is a question of law."). "[W]hen construing the Act, our most fundamental rule is that the intent of the legislature should govern, where such intent can be ascertained. [Citation omitted.]" *Mera-Hernandez v. U.S.D. 233*, 305 Kan. 1182, 1187, 390 P.3d 875 (2017). And the Legislature has expressed its intent "that the workers compensation act shall be liberally construed only for the purpose of bringing employers and employees within the provisions of the act." K.S.A. 2020 Supp. 44-501b(a). This liberal construction applies "whether or not it is desirable for the specific individual's circumstances. [Citation omitted.]" *Zehring v. Wickham*, 232 Kan. 704, Syl. ¶ 5, 658 P.2d 1004 (1983).

Resolution of this appeal turns on interpreting the exclusive remedy provision of the Act found at K.S.A. 2020 Supp. 44-501b(d). This provision states:

"Except as provided in the workers compensation act, no employer, or other employee of such employer, shall be liable for any injury, whether by accident, repetitive trauma, or occupational disease, *for which compensation is recoverable under the workers compensation act* nor shall an employer be liable to any third party for any injury or death of an employee which was caused under circumstances creating a legal liability against a third party and for which workers compensation is payable by such employer." (Emphasis added.) K.S.A. 2020 Supp. 44-501b(d).

Although the Act was amended in 2011, the relevant language in this provision remained the same after the amendment. See K.S.A. 2010 Supp. 44-501(b). The Kansas Supreme Court has long interpreted the provision to mean "that if a [worker] can recover benefits from an employer under the [Act] for an injury, he [or she] cannot maintain a common-law action against that employer for damages based on a theory of negligence." *Fugit v. United Beechcraft, Inc.*, 222 Kan. 312, 314, 564 P.2d 521 (1977).

Hopkins points this court toward *Endres v. Young*, 55 Kan. App. 2d 497, 498, 509-10, 419 P.3d 40 (2018), arguing that it stands for the proposition that "without the ability to recover under the Act, [a] plaintiff can pursue an action for personal injury due to negligence under the common-law in civil district court." Hopkins also cites *Logue v. Layne Inliner, LLC*, No. 6:17-CV-01245-EFM-GEB, 2018 WL 2971746 (D. Kan. 2018) (unpublished opinion), to support his point that he can pursue a civil action if the Act does not allow compensation for his personal injuries. He also points out that other courts outside Kansas have applied the same principle. But Great Plains does not dispute that general principle, nor did the district court hold otherwise. No one argues that if compensation under the Act is not recoverable, Hopkins should still be barred from pursuing his civil action. Rather, the dispute in this appeal is whether compensation for Hopkins' ongoing back problems was recoverable under the Act.

7

In 2011, the Act was amended to provide that for an injury by accident to arise out of and in the course of employment, the accident must be "the prevailing factor causing the injury." K.S.A. 2020 Supp. 44-508(f)(2)(B)(ii). According to K.S.A. 2020 Supp. 44-508(g), the prevailing factor causing the injury means "the primary factor, in relation to any other factor." A separate provision of the Act provides that "[a]n injury is not compensable solely because it aggravates, accelerates or exacerbates a preexisting condition or renders a preexisting condition symptomatic." K.S.A. 2020 Supp. 44-508(f)(2). Hopkins argues that under these provisions, his claim for his ongoing medical care and disability was not recoverable under the Act as a matter of law because his injury resulted from the aggravation his preexisting back condition.

Despite the 2011 amendments to the Act, compensation was recoverable under the Act for Hopkins ongoing medical care and disability. It is true that "[a]n injury is not compensable *solely* because it aggravated, accelerates or exacerbates a preexisting condition or renders a preexisting condition symptomatic." (Emphasis added.) K.S.A. 2020 Supp. 44-508(f)(2). But Hopkins could still recover under the Act for his ongoing medical care and disability provided he could show that his 2014 work accident was the prevailing factor causing his need for continuing treatment and impairment, rather than the preexisting condition being the primary cause. See *Le v. Armour Eckrich Meats*, 52 Kan. App. 2d 189, 200, 364 P.3d 571 (2015) (considering whether chronic pain following a back fracture was caused by preexisting osteoporosis or the work accident).

Fluter's opinion that the 2014 accident was the prevailing factor for Hopkins' continuing medical care and treatment supported Hopkins' claim for current and future medical benefits and his claim for disability compensation. But Estivo and Hufford found that Hopkins' continuing pain was an aggravation of the preexisting degenerative disc disease and the 2014 work accident was *not* the prevailing factor causing Hopkins' need for continuing treatment, nor did it increase Hopkins' percentage of permanent impairment. In other words, Estivo and Hufford found that Hopkins would be having his

8

current back problems even if he had never been involved in the 2014 forklift accident. The ALJ and the Board agreed with Estivo and Hufford and rejected Fluter's opinion.

Hopkins did not sustain two independent injuries resulting from his 2014 forklift accident. He sustained one injury with multiple consequences. One of those consequences was the aggravation of his preexisting degenerative disc disease. For Hopkins to recover under the Act for his ongoing medical care and disability, he needed to show that the work injury was the prevailing factor causing the current back problems, rather than the preexisting condition being the primary cause. This was the primary fact issue that was addressed in the workers compensation proceedings.

Under these circumstances, it is incorrect to say that Hopkins could not recover under the Act as a matter of law for his ongoing medical needs. Hopkins would have fully recovered for his claims had the ALJ and the Board adopted Fluter's opinion. It was *possible* for Hopkins to fully recover for his claims under the Act, he simply failed to meet his burden of proof—at least according to the ALJ and the Board—and Hopkins made no attempt to seek judicial review of the Board's decision.

In sum, Hopkins recovered some compensation under the Act for his 2014 forklift accident, just not nearly as much as he wanted to recover because the Board rejected his claim that his work injury was the prevailing factor in causing his current back pain. Because compensation was recoverable under the Act, the exclusive remedy provision bars a civil action against Great Plains. Thus, the district court did not err in granting summary judgment for Great Plains based on the exclusive remedy provision.

*Does applying the exclusive remedy provision in this case violate Section 18 of the Kansas Constitution Bill of Rights?*

As an alternative claim, Hopkins asserts that if the exclusive remedy provision of the Act bars his civil action against Great Plains, then the Act violates section 18 of the Kansas Constitution Bill of Rights by denying him a remedy by due course of law. He does not specify an appropriate legal remedy in terms of striking any provision of the Act if we agree with his constitutional claim. Great Plains asserts that Hopkins' failure of proof in the workers compensation proceeding does not support a section 18 violation.

Whether a statute is constitutional is a question of law subject to unlimited review. *Hilburn v. Enerpipe Ltd.*, 309 Kan. 1127, 1132, 442 P.3d 509 (2019). Generally, if a court can find any reasonable way to construe a statute as valid, it must. *Board of Johnson County Comm'rs v. Jordan*, 303 Kan. 844, 858, 370 P.3d 1170 (2016). But when a statute implicates "'fundamental interests,'" the presumption of constitutionality does not apply. *Hodes & Nauser, MDs, P.A. v. Schmidt*, 309 Kan. 610, 673-74, 440 P.3d 461 (2019).

"Section 18 of the Kansas Constitution Bill of Rights guarantees an individual's right to a remedy: 'All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law.' It has long been held that the words '[r]emedy by due course of law' . . . means the reparation for injury, ordered by a tribunal having jurisdiction, in due course of procedure and after a fair hearing." *Pardo v. United Parcel Service*, 56 Kan. App. 2d 1, 11, 422 P.3d 1185 (2018).

By enacting the Act in 1911, Kansas "remove[d] an employee's common-law right to bring a civil action against his or her employer for injuries caused by an employer's negligence." 56 Kan. App. 2d at 11-12. In exchange, the Act provided a substitute remedy, allowing "'employees to quickly receive a set but possibly smaller sum of money for injuries received at work, regardless of whether the injuries were the result of the

10

employer's negligence.'" 56 Kan. App. 2d at 12 (quoting *Injured Workers of Kansas v. Franklin*, 262 Kan. 840, 883, 942 P.2d 591 [1997]).

This sort of exchange is permitted "'so long as it provides an adequate substitute remedy for the right infringed or abolished.'" *Pardo*, 56 Kan. App. 2d at 12 (quoting *Bair v. Peck*, 248 Kan. 824, Syl. ¶ 1, 811 P.2d 1176 [1991]). But once the Legislature establishes a substitute remedy, it "'cannot constitutionally proceed to emasculate the remedy, by amendments, to a point where it is no longer a viable and sufficient substitute remedy.'" *Pardo*, 56 Kan. App. 2d at 13 (quoting *Bair*, 248 Kan. at 844).

Hopkins argues that the 2011 amendments to the Act "abolished the right of workers in this state to seek redress for an aggravation of a preexisting condition within the workers compensation system" and, by doing so, "eliminated that individual right of workers of this state to a remedy that existed in the common law." He contends that by doing so, the Legislature removed the substitute remedy the Act had provided and, thus, violated section 18 of the Kansas Constitution Bill of Rights.

We agree with Hopkins that the 2011 amendments to the Act make it harder for a worker to recover for the aggravation of a preexisting condition. Before the 2011 amendments to the Act, it was "well established under the workers compensation law in Kansas that when a worker's job duties aggravate or accelerate an existing condition or disease or intensify a preexisting condition, the aggravation becomes compensable as a work-related accident. [Citation omitted.]" *Le*, 52 Kan. App. 2d at 193-94. The injured worker could recover for any increase in the functional impairment associated with the aggravation. 52 Kan. App. 2d at 194. But under the 2011 amendments to the Act, the injured worker must now also show that the work accident was the prevailing factor causing the need for continuing treatment, rather than the preexisting condition being the primary cause. 52 Kan. App. 2d at 200.

But for all the reasons we discussed in the last section of this opinion, an injured worker can still recover under the Act for the aggravation of a preexisting condition, provided the work accident is the prevailing factor. In Hopkins' case, he could still recover for the full amount of his claim under the Act even though the prevailing factor test increased his causation burden. Thus, Hopkins' constitutional argument fails because the constitutionality of a substitute remedy considers the remedy *available* to the claimant. See *Pardo*, 56 Kan. App. 2d at 25 ("The quid pro quo exchange that supports the Act's constitutionality requires that a claimant have *the opportunity* to recover . . . if the facts of the case warrant such compensation." [Emphasis added.]).

In sum, Hopkins recovered some compensation under the Act for his 2014 forklift accident. He simply failed to meet his burden of proof—according to the ALJ and the Board—to show that he was entitled to more compensation and benefits. Under these circumstances, the exclusive remedy provision under the Act bars his civil action against Great Plains. Hopkins still had an adequate remedy for all his claims under the Act, and the 2011 amendments have not "emasculate[d] the remedy . . . to a point where it is no longer a viable and sufficient substitute remedy." See *Pardo*, 56 Kan. App. 2d at 13. Thus, we reject Hopkins' claim that the Legislature unconstitutionally restricted Hopkins right to a remedy and that applying the exclusive remedy provision to Hopkins' case violated section 18 of the Kansas Constitution Bill of Rights.

Affirmed.